IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**MATTHEW SHIPMAN**                                                                     **PLAINTIFF**

**v.**                       **No: 3:17-cv-00099 KGB-PSH**

**KEITH BOWERS,** *et al.*                                                 **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Matthew Shipman filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 1, 2017 (Doc. No. 1). In December 2017, mail sent to Shipman was returned as undeliverable, and the envelope was entered on the docket. Doc. No. 19. On December 29, 2017, the Court entered a text order notifying Shipman that the mail could not be delivered to him because he was no longer at the address he provided. Doc. No. 20. Shipman was directed to provide notice of his current mailing address by no later than thirty days from the entry of the December 29, 2017 text order. He was warned that his failure to provide a current mailing address would cause the

undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelopes containing the Court's December 29 text order and another order could not be delivered to Shipman because he was no longer at the address he provided, and the envelopes were returned to the Clerk of the Court and entered on the docket. Doc. Nos. 25 & 26. Defendant Keith Bowers subsequently filed a motion to dismiss this case due to Shipman's failure to prosecute (Doc. No. 27). Defendant's counsel states that correspondence to Shipman has been returned as undelivered (Doc. No. 29).

More than 30 days have passed since the Court ordered Shipman to update his address, and he has not done so. Shipman also failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2). *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Defendant's motion to dismiss (Doc. No. 27) be granted; Shipman's complaint (Doc. No. 2) be dismissed without prejudice; and Defendant's pending motion for summary judgment (Doc. No. 21) be denied as moot.

DATED this 5th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE